**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MARYLAND**
**(Baltimore Division)**

| | | |
|---|---|---|
| In Re: | * | |
| THE LAW OFFICES OF JONATHAN S. RESNICK, LLC, | * | Case No. 20-12822-NVA (Chapter 11) |
| THE LAW OFFICES OF PERRY A. RESNICK, LLC, | * | Case No. 20-12820-NVA (Chapter 11) |
| | * | |
| THE LAW OFFICES OF JONATHAN S. RESNICK, PLLC, | * | Case No. 20-14188-NVA (Chapter 11) |
| Debtors, | * | (Jointly Administered under Case No. 20-12822-NVA) |
| * * * * * * * * | * | |
| ZVI GUTTMAN, Chapter 11 Trustee, | | |
| | * | |
| Plaintiff, | | |
| | * | Adversary Case No. 20-00308 |
| vs. | | |
| | * | |
| ALEXIS RESNICK, | | |
| | * | |
| Defendant. | | |
| * * * * * * * * | * | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

Defendant, Alexis Resnick, by and through undersigned counsel, hereby files her Answer and Affirmative Defenses to Plaintiff's Complaint for Recovery of Fraudulent Transfers [D.E. 1], and states as follows:

**JURISDICTION**

1. Defendant admits the allegations contained in paragraph 1 of Plaintiff's Complaint.

2. Defendant admits the allegations contained in paragraph 2 of Plaintiff's Complaint.

**PARTIES AND PERSONS**

3. Defendant admits the allegations contained in paragraph 3 of Plaintiff's Complaint.

4. Defendant is without knowledge of the allegations contained in paragraph 4 of Plaintiff's Complaint.

5. Defendant is without knowledge of the allegations contained in paragraph 5 of Plaintiff's Complaint.

6. Defendant is without knowledge of the allegations contained in paragraph 6 of Plaintiff's Complaint.

7. Defendant admits the allegations contained in paragraph 7 of Plaintiff's Complaint.

**FACTS COMMON TO ALL ACCOUNTS**

8. Defendant is without knowledge of the allegations contained in paragraph 8 of Plaintiff's Complaint.

9. Defendant is without knowledge of the allegations contained in paragraph 9 of Plaintiff's Complaint.

10. Defendant is without knowledge of the allegations contained in paragraph 10 of Plaintiff's Complaint.

11. Defendant admits the allegations contained in paragraph 11 of Plaintiff's Complaint.

12. Defendant denies the allegations contained in paragraph 12 of Plaintiff's Complaint.

13. Defendant denies the allegations contained in paragraph 13 of Plaintiff's Complaint.

## COUNT I
### (Avoidance and Recovery of Fraudulent Transfer Pursuant to 11 U.S.C. §§ 544 and 550 & Md. Code Ann., Comm. Law, § 15-201 et seq.)

14. The Defendant realleges her responses to Paragraphs 1 through 13 above.

15. Defendant admits the allegations contained in paragraph 15 of Plaintiff's Complaint.

16. Defendant is without knowledge of the allegations contained in paragraph 16 of Plaintiff's Complaint.

17. Defendant denies the allegations contained in paragraph 17 of Plaintiff's Complaint.

18. Defendant denies the allegations contained in paragraph 18 of Plaintiff's Complaint.

19. Defendant denies the allegations contained in paragraph 19 of Plaintiff's Complaint.

20. Defendant denies the allegations contained in paragraph 20 of Plaintiff's Complaint.

21. Defendant denies the allegations contained in paragraph 21 of Plaintiff's Complaint.

22. Defendant admits the allegations contained in paragraph 22 of Plaintiff's Complaint.

23. Defendant admits the allegations contained in paragraph 23 of Plaintiff's Complaint.

24. Defendant denies the allegations contained in paragraph 24 of Plaintiff's Complaint.

25. Defendant admits the allegations contained in paragraph 25 of Plaintiff's Complaint.

26. Defendant denies the allegations contained in paragraph 26 of Plaintiff's Complaint.

27. Defendant denies the allegations contained in paragraph 27 of Plaintiff's Complaint.

## COUNT II
**(Avoidance and Recovery of Fraudulent Transfer Pursuant to 11 U.S.C. §§ 548 and 550)**

28. The Defendant realleges her responses to Paragraphs 1 through 27 above.

29. Defendant is without knowledge of the allegations contained in paragraph 29 of Plaintiff's Complaint.

30. Defendant denies the allegations contained in paragraph 30 of Plaintiff's Complaint.

31. Defendant denies the allegations contained in paragraph 31 of Plaintiff's Complaint.

32. Defendant denies the allegations contained in paragraph 32 of Plaintiff's Complaint.

33. Defendant admits the allegations contained in paragraph 33 of Plaintiff's Complaint.

34. Defendant admits the allegations contained in paragraph 34 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

As for her Affirmative Defenses to Plaintiff's Complaint, Defendant would show this Court the following:

### FIRST AFFIRMATIVE DEFENSE

As for Defendant's first affirmative defense, the Defendant asserts that any transfers received by Defendant from Debtors were taken in good faith and for value and gave value to the Debtors because Defendant was not aware of the avoidability of the transfers. At the time the transfers were made, the Defendant believed the Debtors would be able to continue as a going concern. Defendant was neither aware of any actual fraud on the part of the Debtors when the transfers were made nor was Defendant aware that any of the Debtors were insolvent or not paying their debts as they came due at the time of the making of the transfers. Further, the Defendant provided value to the Debtors by, among other things, making future advances and extending credit. Therefore, Defendant has a lien on or may retain any such transfers in their entirety.

### SECOND AFFIRMATIVE DEFENSE

To the extent that the alleged transfers made by the Debtors to Defendant within one year prior to the commencement of Debtors' bankruptcy case otherwise meet the elements of 11 U.S.C. § 547(b), the debt paid by the alleged transfers was incurred in the ordinary course of business between the Debtors and Defendant or the alleged transfers were made regularly according to ordinary business terms. Among other things, the Defendant would provide future advances and extend credit as part of ordinary business between the parties. Further, the Plaintiff does not identify in its Complaint the specific transfers which it believes are avoidable. Accordingly, the Defendant is unable to provide greater detail for each transfer.

**THIRD AFFIRMATIVE DEFENSE**

Relief under the Complaint is barred by the doctrine of judicial estoppel and/or setoff and/or single recovery doctrine. To the extent the Plaintiff recovers from other transferees for transfers related to the transfers alleged in the Complaint, the Court should reduce Defendant's liability, if any.

**FOURTH AFFIRMATIVE DEFENSE**

Each challenged transfer by Debtors to Defendant within the four-year period preceding the petition date was made for reasonably equivalent value and/or fair consideration in exchange for such transfer. The assertion of this "defense" shall not operate to shift any burden of proof otherwise imposed upon Plaintiff under the Bankruptcy Code, Bankruptcy Rules or other applicable law. Among other exchanges, the Defendant made future advances and extended credit terms in exchange for the transfers. Further, the Plaintiff does not identify in its Complaint the specific transfers which it believes are avoidable. Accordingly, the Defendant is unable to provide greater detail for each transfer.

**FIFTH AFFIRMATIVE DEFENSE**

Defendant submits that the alleged transfer were ordinary course transfers in accordance with 11 U.S.C. § 547(c)(2) as the alleged transfers were made pursuant to the Debtors' repayment of a loan.

WHEREFORE, Defendant, Alexis Resnick, respectfully requests that judgment be entered against Plaintiff, Zvi Guttman, Chapter 11 Trustee, and in favor of Defendant, including but not limited to an award of attorneys' fees and costs, and for any other relief the Court deems just and proper.

Respectfully submitted,

| | |
|---|---|
| **HEYMAN LAW FIRM** | **MARSHALL GRANT, PLLC** |
| *Local Counsel for Defendant* | *Pro Hac Vice* |
| 201 North Charles Street, Suite 1100 | 197 South Federal Highway, Suite 200 |
| Baltimore, MD 21201 | Boca Raton, Florida  33432 |
| Telephone No. 410.305.9287 | Telephone No. 561.361.1000 |
| Email: wheyman@heymanfirm.com | Email: jgrant@marshallgrant.com |
| | |
| By:  /s/ William Heyman | By:  /s/ Joe M. Grant |
|        WILLIAM HEYMAN |        JOE M. GRANT |
|        MD Fed Bar No. 23036 |        Florida Bar No. 137758 |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 10th day of November, 2020, I electronically filed this document with the Clerk of Court using CM/ECF.  I also certify that the document is being served this day on all counsel of record or pro se parties via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

## SERVICE LIST

**SERVED VIA CM/ECF NOTICE:**

Emily K. Devan, Esquire
Miles & Stockbridge P.C.
100 Light Street, 10th Floor
Baltimore, Maryland 21202
edevan@MilesStockbridge.com